UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| WELLS FARGO BANK, N. A., | ) | |
| | ) | |
| Movant, | ) | Case No. ___15 m c 92___ |
| | ) | |
| v. | ) | |
| | ) | |
| ARGOSY REAL ESTATE, IV, LP, a | ) | |
| a Pennsylvania limited partnership, | ) | |
| ARGOSY REAL ESTATE, V, LP, a | ) | |
| a Pennsylvania limited partnership, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this _____ day of _____ 2015, upon consideration of the Motion

of Wells Fargo Bank, N.A. to Compel Compliance with Subpoenas served upon Respondents

Argosy Real Estate IV, LP, and Argosy Real Estate V, LP; and any responses thereto, it is

hereby ORDERED that the Motion is GRANTED.  Respondents are hereby ordered to provide

complete citizenship information for their partners within 7 days of this Order.

BY THE COURT:

_____

_____, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, N. A., | ) | |
| | ) | |
| Movant, | ) | Case No. ___15 m c 92___ |
| | ) | |
| v. | ) | |
| | ) | |
| ARGOSY REAL ESTATE, IV, LP, a | ) | |
| a Pennsylvania limited partnership, | ) | |
| ARGOSY REAL ESTATE, V, LP, a | ) | |
| a Pennsylvania limited partnership, | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

Movant, Wells Fargo Bank, N.A. ("Wells Fargo"), by its attorneys, hereby moves the Court pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) to compel non-party Argosy Real Estate IV, LP, a Pennsylvania limited partnership ("Argosy IV") and Argosy Real Estate V, LP, a Pennsylvania limited partnership ("Argosy V") (collectively "Respondents'), to comply with Subpoenas issued pursuant to Fed. R. Civ. P. 45.[1]  In support of this motion, Wells Fargo states as follows:

1.      On October 19, 2006, Keystone Property Fund II, L.P. and Keystone Property Fund IIA, L.P. ("Keystone"), executed two agreements guaranteeing payment of a $19,950,000.00 loan made by Wells Fargo to 1751 West Diehl Road Associates, LLC and 1771 West Diehl Road Associates, LLC, both owned by Keystone.  On October 18, 2007, Keystone executed two additional agreements guaranteeing payment of a $50,624,000.00 loan to Bannockburn Lake Office Plaza Associates I, LLC, Bannockburn Lake Office Plaza Associates II, LLC and Bannockburn Lake Office Plaza Associates IV, LLC, which were also owned by

---

[1] Wells Fargo has also simultaneously filed a Rule 45(f) motion to transfer this motion to the United States District Court for the Northern District of Illinois, where the underlying case is pending and out of which the two subpoenas issued.  If this Court grants the Rule 45(f) motion to transfer this subpoena-related motion to the United States District Court for the Northern District of Illinois, then that court would resolve this subpoena-related motion.

Keystone. Both loans went into default, and on June 11, 2012, Wells Fargo filed a lawsuit for breach of the guaranty agreements in the United States District Court for the Northern District of Illinois seeking in excess of $50 million from Keystone. Subject matter jurisdiction for the case was based on diversity jurisdiction. Keystone admitted that its limited partners were citizens of states other than South Dakota, the state of citizenship of Wells Fargo, a national banking association. On November 6, 2013, judgment was entered in favor of Wells Fargo and against Keystone in the amount of $53,530,440.19. D.E. 68.[2] Keystone filed a notice of appeal on December 5, 2013. D.E. 70.

2.      Wells Fargo is now seeking to enforce its judgment. In response to those efforts, Keystone raised the citizenship of certain of their limited partners, including specifically Respondents, as grounds for seeking a stay of the enforcement proceedings. D.E. 122. Keystone also sought a stay from the Seventh Circuit, however that motion was denied on February 19, 2015. App. D.E. 32, Seventh Circuit Appeal No. 13-3712.

3.      To address the citizenship issue, on February 6, 2015, Wells Fargo served Respondents with subpoenas for production of citizenship information for their partners. Specifically, the subpoenas asked Respondents to "produce documents sufficient to identify the name and citizenship of each partner of [Argosy IV and Argosy V], including for each such partner:

(a)      name;

(b)      address;

(c)      if the partner is an individual, the partner's state of domicile;

(d)      date partner became partner of the Partnership, if after June 12, 2012;

---

[2] "D.E. ___" refers to the docket entry in the underlying action in the Northern District of Illinois, Case No. 12-cv-4514, and "App. D.E. ___" refers to the docket entry in the Seventh Circuit Case No. 13-3712.

(e)      if the partner is a trust, the name, address, and domicile of each trustee of the partner;

(f)      if the partner is a limited liability company, the name and address of its registered agent, the name, address and domicile of each member of the limited liability company;

(g)      if the partner is a partnership, the name and address of its registered agent, the name, address and domicile of each partner of the partnership;

(h)      if the partner is a corporation, the name and address of its registered agent, the state of its incorporation and the state of its principal place of business;

(i)      if the partner is some other form of unincorporated association, the name, address and state of domicile of each member or partner of such unincorporated association.

Copies of both Subpoenas are attached as Exhibits A and B.  The Subpoenas were issued from the United States District Court for the Northern District of Illinois, in case captioned *Wells Fargo Bank, N.A. v. Keystone Property Fund II, LP, et al.,* Civil Action No. 12-cv-4514, pending before the Honorable Robert W. Gettleman (the "Northern District of Illinois").  The Affidavits of Service of the Subpoenas together with the Subpoenas were filed on the docket of the Northern District of Illinois.  D.E. 145 and 146.

4.      Respondents objected to the Subpoenas and refused to comply with them in any respect on the grounds that:  (i) Keystone had filed a motion to stay enforcement of the judgment pending appeal in the Seventh Circuit which, if granted, would moot the Subpoenas; and (ii) the Subpoenas were unduly burdensome.  *See* Respondent's February 23, 2015 Objection to Subpoena, attached hereto as Exhibit C.

5.      Wells Fargo responded to Respondents' Objection by letter dated February 24, 2015 explaining that the Subpoenas were not moot as the Seventh Circuit had already denied

Keystone's motion to stay enforcement pending appeal on February 19, 2015.   Although Respondents failed to state how the Subpoenas were unduly burdensome, Wells Fargo nevertheless encouraged Respondents to suggest how compliance with the Subpoenas might be achieved by some less burdensome means.   *See* Wells Fargo's Response Letter attached hereto as Exhibit D.   On February 27, 2015, counsel for Wells Fargo and counsel for Respondents conferred by telephone in an effort to find some agreeable resolution.   The parties, after reasonable effort, were unable to resolve the dispute.   *See* Local Rule 26.1(f) Certification.

6.     The citizenship information sought by the Subpoenas is relevant to the enforcement proceedings because Keystone has raised the citizenship of Respondents, two of their limited partners, as grounds for seeking a stay of the enforcement proceedings. D.E. 122. Prior to the entry of judgment against Keystone, Keystone had admitted that its limited partners were citizens of states other than South Dakota. D.E. 20.  The Northern District of Illinois relied upon this factual admission in affirming its subject matter jurisdiction.   Nevertheless, Keystone moved to stay the post-judgment enforcement proceedings on the grounds that Keystone does not know for certain the citizenship of Respondents.[3]  D.E. 122.  The jurisdiction of the Northern District of Illinois was based upon diversity of citizenship.   28 USC §1332.   Wells Fargo, a national banking association, is a citizen only of the State of South Dakota.   Thus, by eschewing its prior factual admission regarding the citizenship of certain of its limited partners, Keystone

[3] Respondents are two of four limited partners of Keystone whose citizenship Keystone claims to be uncertain of at this time.  Wells Fargo has served subpoenas on the other two limited partners as well.   D.E. 144 and 148.   One of the other limited partners of Keystone objected to the subpoena for its citizenship information.   Wells Fargo recently filed a motion seeking to compel compliance with the subpoena issued to that limited partner in the United States District Court for the District of Delaware, *Wells Fargo Bank, N.A. v. Strategic Partners III RE Holdings, LP*, Case No. 15-mc-00055-LPS.   To avoid the possibility of conflicting rulings and to promote judicial economy, Wells Fargo seeks to have all of its subpoena related motions transferred to the Northern District of Illinois pursuant to Fed. R. Civ. P. 45(f) in the simultaneously filed motion to transfer.

challenges the subject matter jurisdiction of the Northern District of Illinois to proceed with enforcement of the judgment while the case is on appeal. *Id.* Confirmation of Keystone's limited partners' citizenship, including specifically Respondents, in states other than South Dakota, will confirm the subject matter jurisdiction of the Northern District of Illinois. The information sought by the Subpoenas is therefore relevant to the enforcement proceedings pending in the Northern District of Illinois.

7.     As noted above, on February 19, 2015 the Seventh Circuit denied Keystone's motion to stay enforcement of the judgment pending appeal. App. D.E. 32, Appeal No. 13-3712. Accordingly, the Subpoenas served upon Respondents are not moot. The district court retains authority to enforce its own judgment while the case in on appeal. *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros. Inc.*, 198 F.3d 351, 354 (3rd Cir. 1999). Where a bond is not filed and the judgment is not stayed, the district court does not err in exercising jurisdiction over enforcement, despite the notice of appeal. *Island Creek Coal Sales Co., v. Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985). In this case, Keystone did not file a bond, and the Seventh Circuit denied Keystone's motion to stay. Accordingly, the Northern District of Illinois has authority to proceed with regard to the enforcement of its judgment.

8.     Respondents' objection on the basis of undue burden is likewise unavailing. Although Respondents assert that compliance with the Subpoenas would be unduly burdensome, Respondents do not explain what makes compliance unduly burdensome. Further, Respondents have failed to propose any less burdensome means of compliance, in response to Wells Fargo's invitation. In *First Sealand Sur. v. Durkin & Devries Ins. Agency*, 918 F.Supp. 2d 362 (E.D. Pa. 2013), the court explained that once the party issuing the subpoena showed how it was relevant, the burden shifted to the party resisting the subpoena to show harm. *Id.* at 382-83. In

that case, the party resisting the subpoena failed to articulate how it would be harmed by compliance with the subpoena, and the court ordered compliance. *Id.* at 384.  Likewise here, Respondents have not articulated how they will be unduly burdened as a result of compliance with the subpoena.  Furthermore, the Agreement of Limited Partnership of Defendant Keystone Property Fund IIA, LP, requires Respondents to provide additional documentation verifying the identity of their partners when requested, as follows:

> 18.19.1  Information Requests.  In order for the Partnership to comply with applicable laws, rules, regulations, orders, … at the request of the General Partner and in the time frames determined by the General Partner, Partners shall provide the General Partner additional documentation verifying, among other things, such Partner's identity, including the identity of such Partner's owners, partners, members[.]

Agreement of Limited Partnership of Keystone Property Fund IIA, LP, Section 18.19.1 Exhibit #7 to Citation Examination of Marc Rash, D.E. 127 – #7.  Any burden entailed in compliance with the Subpoenas is actually a burden Respondents accepted when they became limited partners of Keystone.  Thus, any burden involved in compliance with the Subpoenas is not undue, given the relevance of the requested information to the underlying action, and Respondents' agreement to furnish such information when requested in their limited partnership agreement.

WHEREFORE, for the foregoing reasons, Movant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court compel Respondents Argosy Real Estate IV, LP and Argosy Real Estate V, LP to comply with the Subpoenas and provide complete citizenship information for their partners within seven days.

Dated:  March 6, 2015

Respectfully submitted,

_____
Richard E. Coe
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Phone:  (215) 988-3393
Facsimile:  (215) 988-2757
richard.coe@dbr.com

OF COUNSEL:
John A. Simon
Drinker Biddle & Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Phone:  (312) 569-1392
Facsimile:  (312) 569-3392
john.simon@dbr.com

<u>Local Rule 26.1(f) Certification</u>

I, Richard E. Coe, counsel for Movant, Wells Fargo Bank, N.A., certify that the parties, after reasonable effort, are unable to resolve the dispute over compliance with the Subpoenas served on Respondents.

Richard E. Coe
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Phone:  (215) 988-3393
Facsimile:  (215) 988-2757
richard.coe@dbr.com

## CERTIFICATE OF SERVICE

I, Richard E. Coe, an attorney, hereby certify that on this 6th day of March, 2015, I caused to be served a copy of the foregoing Motion to Compel Compliance with Subpoena for Production, via electronic mail and U.S. Mail, to the following:

Hal R. Morris
Katelyn R. Miller
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL  60606-3910
hrmorris@arnstein.com
krmiller@arnstein.com

Garth G. Hoyt
McClausland, Kern & Buckman
Radnor Court, Suite 160
259 North Radnor-Chester Road
Radnor, Pennsylvania 19087-5257

Francis M. Correll
Rona Rosen
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103
fcorrell@klehr.com
rrosen@klehr.com

_____
Richard E. Coe

# Exhibit A

## Affidavit of Process Server

_Wells Fargo Bank NA_ vs _Keystone Property, et al_ _12CV4514_
Plaintiff/Petitioner          Defendant/Respondent          Case#

Being duly sworn, on my oath, I _Steve Duffy_
declare that I am a citizen of the United States, over the age of eighteen and not a party of this action.

**Service:** I served _Agasy Real Estate V, LP_
                           NAME OF PERSON/ENTITY BEING SERVED

with the (documents)   □ Subpoena with $ _____ witness fee and mileage

_X Letter & Agreed Confidentiality Order_

by serving (NAME) _John Kirdan for Agasy Real Estate V, LP_

at □ Home
□ Business _950 West Valley Rd #2900 Wayne PA 19087_
□ on (DATE) _2/6/15_   at (TIME) _3:23 p_

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____   (STATE) _____

**Manner of Service:**

□ By Personal Service

☑ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,
_John Kirdan, V. P._

□ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

□ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
□ Unknown at Address      □ Evading                □ Other: _____
□ Address does not exist   □ Service cancelled by litigant
□ Moved, Left no forwarding □ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( )_____ ( )_____ ( )_____
                                                        DATE   TIME        DATE   TIME        DATE   TIME

( )_____ ( )_____ ( )_____
DATE   TIME        DATE   TIME        DATE   TIME

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☑ Male | ☑ White Skin | ☑ Black Hair | □ White Hair | □ 14-20 Yrs. | □ Under 5' | □ Under 100 Lbs. |
| □ Female | □ Black Skin | □ Brown Hair | □ Balding | □ 21-35 Yrs. | □ 5'-5'3" | □ 100-130 Lbs. |
| | □ Brown Skin | □ Blond Hair | | ☑ 36-50 Yrs. | □ 5'4"-5'8" | □ 131-160 Lbs. |
| ☑ Glasses | □ Yellow Skin | □ Gray Hair | □ Mustache | □ 51-65 Yrs. | ☑ 5'9"-6' | ☑ 161-200 Lbs. |
| | □ Red Skin | □ Red Hair | □ Beard | □ Over 65 Yrs. | □ Over 6' | □ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

_PA_
State of Illinois   County of Cook _Philadelphia_

Subscribed and sworn to before me
A notary public this _12th_ day of _FEB_ , 20 _15_

_____
Notary Public

SERVED BY
LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

_DRINKER_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DAVID W. HAHN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires January 25, 2016

MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

DrinkerBiddle&Reath
L L P

John A. Simon
312-569-1392 Direct
312-569-3392 Fax
john.simon@dbr.com

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

February 2, 2015

Argosy Real Estate V, LP
950 West Valley Road, Suite 2900
Wayne, PA  19087

Re:   Subpoena for Records
      *Wells Fargo Bank v. Keystone, etc., et.al.*
      Case No. 12-cv-4514

Dear Sir:

Enclosed please find a Subpoena for the production of information and documents. If you will be unable to produce the records within the February 24, 2015 required time period, please contact me in advance of that date with the date by which you will be able to comply. Also, if there will be a copy or delivery fee required, please contact me upon receipt of the Subpoena regarding such fee.

On May 1, 2014, Magistrate Judge Maria Valdez entered the also enclosed Agreed Confidentiality Order that protects Confidential Information produced in the above-captioned lawsuit. Please designate Confidential Information you produce in response to this subpoena as "Confidential-Subject to Protective Order" pursuant to this Order.

If the requested records are voluminous, please produce them in a reasonably usable electronic format on a disk. If the responsive records are not voluminous, you may produce them in hard copy if that is more convenient. Finally, please send the records to my attention at our Chicago office shown on this letter. Receipt by us of the records by the required date at either the office shown on the Subpoena or our Chicago office will comply with the command of the Subpoena.

Please contact me with any questions.

Very truly yours,

John A. Simon

JAS/jf
Enclosure

*Established 1849*

78627034.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Wells Fargo Bank, N.A. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   12-cv-4514 |
| Keystone Property Fund II, LP, | ) |
| Keystone Property Fund IIA, LP, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Argosy Real Estate V, LP
                    950 West Valley Road, Suite 2900, Wayne, PA 19087
                    *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Rider.

| Place: Drinker Biddle & Reath LLP, Attn: John A. Simon<br>One Logan Square, Ste. 2000<br>Philadelphia, PA 19103-6996 | Date and Time:<br><br>02/24/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/02/2015

           *CLERK OF COURT*

                                              OR    _____
    _____                        *Attorney's signature*
    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Wells Fargo Bank, N.A.
_____ , who issues or requests this subpoena, are:

John A. Simon, Drinker Biddle & Reath LLP, 191 N. Wacker Drive, Ste. 3700, Chicago, IL 60606-1698 john.simon@dbr.com, 312-569-1392

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-cv-4514

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER

Please produce documents sufficient to identify the name and citizenship of each partner of Argosy Real Estate V, LP (the "Partnership") including for each such partner:

(a)     name;

(b)     address;

(c)     if the partner is an individual, the partner's state of domicile;

(d)     date partner became partner of the Partnership, if after June 12, 2012;

(e)     if the partner is a trust, the name, address and domicile of each trustee of the partner;

(f)     if the partner is a limited liability company, the name and address of its registered agent, the name, address and domicile of each member of the limited liability company;

(g)     if the partner is a partnership, the name and address of its registered agent, the name, address and state of domicile of each partner of such partnership;

(h)     if the partner is a corporation, the name and address of its registered agent, the state of its incorporation and the state of its principal place of business;

(i)     if the partner is some other form of unincorporated association, the name, address and state of domicile of each member or partner of such unincorporated association.

78628033.1

## CERTIFICATE OF SERVICE

I, John A. Simon, an attorney, hereby certify that on this 2nd day of February, 2015, I caused to be served a copy of the foregoing **Subpoena to Produce Documents, Information, or Objects to Argosy Real Estate V, LP**, via U.S. Mail, on the following:

Hal R. Morris
Katelyn R. Miller
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL  60606-3910

Francis M. Correll
Rona Rosen
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103

_____
John A. Simon

78627147.1

# Exhibit B

Case: 1:12-cv-04514 Document #: 145 Filed: 02/17/15 Page 1 of 7 PageID #:3432

## Affidavit of Process Server

_Wells Fargo Bank N.A._ vs _Keystone Property, et al._   12CV 4514
Plaintiff/Petitioner          Defendant/Respondent          Case#

Being duly sworn, on my oath, I     Steve Duffy
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

Service:          I served     _Argosy Real Estate IV, LP_
                                NAME OF PERSON/ENTITY BEING SERVED

with the (documents)     ☐ Subpoena with $ _____ witness fee and mileage
                         ☒ _Letter & Agreed Confidentiality Order_

by serving (NAME)     _John Kirdan for Argosy Real Estate IV, LP_

at ☐ Home

   ☐ Business     _950 Valley Rd West #2900 Wayne PA 19087_
   ☐ on (DATE)     _2/6/15_               at (TIME) _3:25p_

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____          (STATE) _____

Manner of Service:

☐ By Personal Service

☒ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person
   apparently in charge thereof, namely,
   _John Kirdan, VP._

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person
   residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

Non-Service:     After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
                 unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address          ☐ Evading                    ☐ Other: _____
☐ Address does not exist      ☐ Service cancelled by litigant
☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion

Service Attempts:     Service was attempted on: ( ) _____ ( ) _____ ( ) _____
                                                DATE  TIME   DATE  TIME   DATE  TIME
                      ( ) _____ ( ) _____ ( ) _____
                      DATE  TIME   DATE  TIME   DATE  TIME

Description:     ☒ Male      ☐ White Skin   ☒ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'    ☐ Under 100 Lbs.
                ☐ Female    ☐ Black Skin   ☐ Brown Hair   ☐ Balding      ☐ 21-35 Yrs.   ☐ 5'-5'3"     ☐ 100-130 Lbs.
                            ☐ Brown Skin   ☐ Blond Hair                   ☒ 36-50 Yrs.   ☐ 5'4"-5'8"   ☐ 131-160 Lbs.
                ☒ Glasses   ☐ Yellow Skin  ☐ Gray Hair    ☐ Mustache     ☐ 51-65 Yrs.   ☒ 5'9"-6'     ☒ 161-200 Lbs.
                            ☐ Red Skin     ☐ Red Hair     ☐ Beard        ☐ Over 65 Yrs. ☐ Over 6'     ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES:     _glasses_

_PA_          _Philadelphia_                              X _[signature]_
State of Illinois* County of Cook*                              SERVED BY
                                                         LASALLE PROCESS SERVERS
Subscribed and sworn to before me                        ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432
A notary public, this _12th_ day of _FEB_ , 20_2015_

_[signature]_                                            _DRINKEV_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL DEALER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS
DAVID W. HAHN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires January 29, 2016

DrinkerBiddle&Reath
LLP

John A. Simon
312-569-1392 Direct
312-569-3392 Fax
john.simon@dbr.com

*Law Offices*

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

February 2, 2015

Argosy Real Estate IV, LP
950 West Valley Road, Suite 2900
Wayne, PA  19087

Re:   Subpoena for Records
*Wells Fargo Bank v. Keystone, etc., et.al.*
Case No. 12-cv-4514

Dear Sir:

Enclosed please find a Subpoena for the production of information and documents. If you will be unable to produce the records within the February 24, 2015 required time period, please contact me in advance of that date with the date by which you will be able to comply. Also, if there will be a copy or delivery fee required, please contact me upon receipt of the Subpoena regarding such fee.

On May 1, 2014, Magistrate Judge Maria Valdez entered the also enclosed Agreed Confidentiality Order that protects Confidential Information produced in the above-captioned lawsuit. Please designate Confidential Information you produce in response to this subpoena as "Confidential-Subject to Protective Order" pursuant to this Order.

If the requested records are voluminous, please produce them in a reasonably usable electronic format on a disk. If the responsive records are not voluminous, you may produce them in hard copy if that is more convenient. Finally, please send the records to my attention at our Chicago office shown on this letter. Receipt by us of the records by the required date at either the office shown on the Subpoena or our Chicago office will comply with the command of the Subpoena.

Please contact me with any questions.

Very truly yours,

John A. Simon

JAS/jf
Enclosure

*Established 1849*

78628559.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

| | | |
|---|---|---|
| Wells Fargo Bank, N.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-cv-4514 |
| Keystone Property Fund II, LP, | ) | |
| Keystone Property Fund IIA, LP, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Argosy Real Estate IV, LP
9500 West Valley Road, Suite 2900, Wayne, PA 19087
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Rider.

| Place: Drinker Biddle & Reath LLP, Attn:  John Simon | Date and Time: |
|---|---|
| One Logan Square, Ste. 2000 Philadelphia, PA 19103-6996 | 02/24/2015 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/02/2015

|  CLERK OF COURT | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Wells Fargo Bank, N.A.
, who issues or requests this subpoena, are:

John A. Simon, Drinker Biddle & Reath LLP, 191 N. Wacker Drive, Ste. 3700, Chicago, IL 60606-1698 john.simon@dbr.com, 312-569-1392

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-cv-4514

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>SUBPOENA RIDER</u>

Please produce documents sufficient to identify the name and citizenship of each partner of Argosy Real Estate IV, LP (the "Partnership") including for each such partner:

(a)     name;

(b)     address;

(c)     if the partner is an individual, the partner's state of domicile;

(d)     date partner became partner of the Partnership, if after June 12, 2012;

(e)     if the partner is a trust, the name, address and domicile of each trustee of the partner;

(f)     if the partner is a limited liability company, the name and address of its registered agent, the name, address and domicile of each member of the limited liability company;

(g)     if the partner is a partnership, the name and address of its registered agent, the name, address and state of domicile of each partner of such partnership;

(h)     if the partner is a corporation, the name and address of its registered agent, the state of its incorporation and the state of its principal place of business;

(i)     if the partner is some other form of unincorporated association, the name, address and state of domicile of each member or partner of such unincorporated association.

### CERTIFICATE OF SERVICE

I, John A. Simon, an attorney, hereby certify that on this 2nd day of February, 2015, I caused to be served a copy of the foregoing **Subpoena to Produce Documents, Information, or Objects to Argosy Real Estate IV, LP**, via U.S. Mail, on the following:

Hal R. Morris
Katelyn R. Miller
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL  60606-3910

Francis M. Correll
Rona Rosen
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103

_____
John A. Simon

78628467.1

# Exhibit C

# McCAUSLAND·KEEN·BUCKMAN
ATTORNEYS AT LAW

RADNOR COURT, SUITE 160
259 NORTH RADNOR-CHESTER ROAD
RADNOR, PENNSYLVANIA 19087-5257
TEL 610-341-1000
FAX 610-341-1099
www.mkbattorneys.com

GARTH G. HOYT
(610) 341-1080
ghoyt@mkbattorneys.com

February 23, 2015

**VIA EMAIL**
John Simon, Esquire
Drinker, Biddle, and Reath
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698

Re: Subpoenas for Records, *Wells Fargo v. Keystone,* Case No. 12-cv-4514

Dear Mr. Simon:

This office represents both Argosy Real Estate IV, LP and Argosy Real Estate V, LP (collectively, the "Argosy LPs"). Your February 2, 2015 letters ("Letters") to the Argosy LPs were forwarded to this office after their receipt on February 9, 2015. As you are aware, the Letters enclosed subpoenas ("Subpoenas") for the production of information and documents and specifically request partnership information and documents, including the names, addresses, and states of domicile of each partner. Adding to this request, the Subpoenas explore further and dig for similar documents and information on any of the partners' partners if any Argosy LPs' partners themselves are partnerships or on any of the partners' trustees if any Argosy LPs' partners are a trust or on any of the partners' members if any of the Argosy LPs' partners are a limited liability company or on any of the partners' members if any of the Argosy LPs' partners are an unincorporated association.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), the Argosy LPs object to producing the documents and/or information sought by the Subpoenas. These Subpoenas are overbroad and seek documents or information in bad faith. Moreover, the Subpoenas cause unreasonable annoyance, embarrassment, oppression, burden or expense and otherwise seek documents or information beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, especially given the current posture of the litigation, *Wells Fargo v. Keystone,* Case No. 12-cv-4514.

Having reviewed the docket sheets for this litigation, there is a pending stay motion filed with the 7th Circuit, and if granted, it will stay post-judgment execution proceedings. In fact, if granted, that alone would moot the issue of production. If not granted, the discovery sought by the Subpoenas is inappropriate at this juncture because all that is occurring right now in the United States District Court for the Northern District of Illinois is post-judgment execution proceedings.

John Simon, Esquire
February 23, 2015
Page Two

The discovery sought by the subpoena, however, goes to questions of citizenship and subject matter jurisdiction which does not fall under the purview of post-judgment proceedings and, again, is now being considered by the 7th Circuit. The 7th Circuit may very well ultimately determine to remand this litigation to the District Court for discovery as to the citizenship of certain partners but that has not yet happened. Thus, on these grounds as well, the Argosy LPs object to the Subpoenas.

Should you have any further questions, please feel free to contact me.

Sincerely,

Garth G. Hoyt

GGH/mhw
cc:   Richard C. Schwenk

# Exhibit D

DrinkerBiddle&Reath
L L P

John A. Simon
312-569-1392 Direct
312-569-3392 Fax
john.simon@dbr.com

*Law Offices*

101 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

February 24, 2015

**VIA E-MAIL AND REGULAR MAIL**
ghoyt@mkbattorneys.com

Garth G. Hoyt
McClausland, Keen & Buckman
Radnor Court, Suite 160
259 North Radnor-Chester Road
Radnor, Pennsylvania 19087-5257

> Re:   Wells Fargo Bank, N.A. v. Keystone Property Fund II, LP, Case No.
>        12-cv-4514 (N.D. Ill.)

Dear Mr. Hoyt:

   We are in receipt of your February 23, 2015 letter objecting to our subpoena
served on Argosy Real Estate IV, LP ("Argosy IV") and Argosy Real Estate V, LP
("Argosy V"). You correctly note that the subpoenas seek citizenship information for the
limited partners of Argosy IV and Argosy V. Although you contend that the subpoenas
are overbroad and unduly burdensome, you do not suggest how Argosy IV and Argosy V
might provide the required citizenship information by some less burdensome means. Nor
do you explain what is burdensome about producing the required citizenship information.

   On February 19, 2015, the Seventh Circuit denied the motion to stay to which you
refer in your objection. App. D.E. 32, Appeal No. 13-3712. Contrary to your suggestion,
the recent ruling of the Seventh Circuit has not mooted the subpoenas.

   Further, Keystone has raised the issue of the citizenship of the limited partners of
Argosy IV and Argosy V in the above-captioned enforcement proceedings from which
these subpoenas have issued. *See* D.E. 122. Because Keystone has raised this issue in
the enforcement proceedings, we believe that Judge Gettleman may be interested in
having the citizenship of the limited partners of Argosy IV and Argosy V specifically
confirmed.

   In view of the foregoing, we ask that you reconsider your objection and comply
with the subpoenas. We suggest a conference call Thursday, February 26, 2015 at 2:00
p.m. CST / 3:00 p.m. EST to discuss any further questions or proposals you have with
regard to the subpoenas. Please confirm your availability at this time and date, and we
will circulate call-in information. I have copied counsel for Keystone on this letter so

78795703.1

DrinkerBiddle&Reath
LLP

Garth G. Hoyt
February 24, 2015
Page 2

that they may also participate in our conference call, should they so desire. We look forward to speaking with you further about this matter.

Very truly yours,

John A. Simon

JAS/mbj

cc:     Hal R. Morris (email only)
        hrmorris@arnstein.com

        Rona J. Rosen (email only)
        rrosen@klehr. com

78795703.1